HARVEY E. BELISLE AND ANOTHER v. SOUTHDALE
REALTY COMPANY, NOW KNOWN AS
DAYTON DEVELOPMENT COMPANY.

168 N. W. (2d) 361.

May 23, 1969—No. 41288.

*Joseph Robbie* and *Peter J. Lindberg,* for appellants.

*Faegre & Benson, Robert J. Christianson, Wright W. Brooks,* and *Lawrence C. Brown,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

PER CURIAM.

This is an action for damages for alleged fraud in the inducement to enter into a lease. After the close of all the testimony submitted by the parties, the trial court granted defendant's motion for a directed verdict. Plaintiffs appeal.

In 1957, plaintiff Harvey E. Belisle, who owned and operated a restaurant in Minneapolis and had considerable experience in the restaurant business, was contacted by one John Palm, a restaurant equipment salesman and acquaintance of his, about what Palm considered to be a good opportunity to open a restaurant in the Southdale Medical Building, then under construction in Edina. During an ensuing series of meetings, plaintiffs and representatives of defendant (the developer of the Southdale complex) discussed the specific terms for a lease covering space on the first floor of the medical building and defendant's plans for the future development of the area. Specifically, they discussed plans for the expansion of the medical building itself, the construction of a government building which would not have a restaurant for its approximately 500 employees, the construction of a large motel across France Avenue to the west, and the construction nearby of 10 apartment buildings with 16 units each. Plaintiffs originally decided not to undertake this venture, fearing that there would not be sufficient customer volume to sustain a restaurant at this location. However, in July 1958, plaintiffs, after further discussions initiated by defendant's representatives, entered a 10-year lease with defendant for space for a restaurant in the Southdale Medical Building at a minimum rental of $550 per month. Plaintiffs opened their restaurant on February 4, 1959. During the first year of operation, they complained to defendant about the lack of customer volume and the slow progress in developing the area. Finally, in June 1960, the lease was renegotiated. Plaintiffs gave up a basement room included as a part of the premises leased, and defendant reduced plaintiffs' rent by $150 per month. Business did not improve significantly, and in December 1963, plaintiffs abandoned the premises. At that time there had been no expansion of the medical building, no motel or apartment buildings had been constructed, and the gov-

ernment building which was built contained extensive food vending-machine facilities for the employees. Plaintiffs then brought this action against defendant, alleging that they executed the lease relying on fraudulent representations made by defendant's representatives concerning the development of the Southdale area. After the action was commenced, plaintiffs filed a petition in bankruptcy and the action was tried with permission of the bankruptcy court.

At the close of the evidence, the trial court granted defendant's motion for a directed verdict. Plantiffs' motion for an order vacating the court's order for entry of judgment pursuant to the directed verdict or for a new trial was denied.

On appeal, plaintiffs primarily contend that the trial court erred in directing a verdict for defendant when the evidence showed that certain statements made by defendant's representatives "were material misrepresentations of fact, fraudulently made for the purpose of inducing plaintiffs to lea[s]e the restaurant property for ten years" and that the modification of the lease signed on June 16, 1960, did not constitute a waiver or release of any of plaintiffs' claims against defendant resulting from the alleged fraud.

The rule governing recovery on the basis of fraud is well established. The plaintiff must show that defendant made a false representation of a past or existing material fact susceptible of knowledge, knowing it to be false or without knowing whether it was true or false, with the intention of inducing the person to whom it was made to act in reliance upon it or under such circumstances that such person was justified in so acting and was thereby deceived or induced to so act to his damage. Cady v. Bush, 283 Minn. 105, 166 N. W. (2d) 358; Davis v. Re-Trac Mfg. Corp. 276 Minn. 116, 149 N. W. (2d) 37. See, Hanson v. Ford Motor Co. (8 Cir.) 278 F. (2d) 586.

A careful review of the record compels us to agree with the trial court that there is no evidence to indicate that any of the statements made concerning the status of the various development projects were false at the time they were made. Other statements made to plaintiffs by defendant's representatives concerned the proposed future development of the Southdale area and did not relate to past or existing fact. They were merely statements concerning future events. It must be recognized that in this type of large-scale commercial real estate development, plans shift and change frequently, and any given project can fall through or be delayed for an infinite number of reasons over which the developer has little, if any, control. Thus, the well-settled rule that a representation or expectation as to future acts or events is not a sufficient basis to support an action for

fraud merely because the represented act or event did not take place applies in this case. See, Cady v. Bush, *supra*; Bakke v. Keller, 220 Minn. 383, 19 N. W. (2d) 803; Bigelow v. Barnes, 121 Minn. 148, 140 N. W. 1032, 45 L. R. A. (N. S.) 203.

It is true, as plaintiffs argue, that had defendant by its representations intended to create in the plaintiffs the belief that defendant then intended to develop the area in a given manner when in fact it did not, such a misrepresentation of a present intention could amount to fraud. McElrath v. Electric Investments Co. 114 Minn. 358, 131 N. W. 380. But the evidentiary basis for the application of that rule does not exist. There is no evidence that the defendant did not intend at the time the representations were made to go through with all of the development plans as they were outlined to plaintiffs. Accordingly, we must conclude that as a matter of law the evidence is insufficient to support a finding of fraud.

This conclusion renders it unnecessary to consider plaintiffs' contention that the June 16, 1960, modification of the lease did not amount to a waiver or release of their action for fraud.

Finally, we cannot agree that the trial court's refusal to grant plaintiffs' motion for a mistrial upon the ground of misconduct of defense counsel or to honor an affidavit of prejudice filed during trial resulted in any prejudice to plaintiffs which would justify ordering a new trial.

Affirmed.