Eugene C. SIT, Appellant,

v.

T & M PROPERTIES, et al.,
Respondents.

No. C7–87–147.

Court of Appeals of Minnesota.

June 23, 1987.

Michael L. Perlman, Nodland, Conn, Nordaune & Perlman, St. Louis Park, for appellant.

David A. Bailly, Daniel E. Fobbe, Cragg & Bailly, Ltd., St. Louis Park, for respondents.

Considered and decided by POPOVICH, C.J., and WOZNIAK and LESLIE, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying amended findings and a new trial and re-

stating a prior conclusion appellant is not entitled to rescind a partnership investment. Appellant claims the trial court erred because (1) the parties did not intend appellant to become a partner in respondents' partnership and (2) appellant's investment was induced by fraud and misrepresentation. We affirm.

## FACTS

In January 1982, respondents Herbert F. Thomas and George Mellon entered into a partnership known as T & M Properties for the purpose of acquiring a 24-unit apartment building in Minneapolis. Respondents each contributed $30,000 toward the down payment and financed the balance with an eight-year contract for deed. Although title to the property was taken in respondents' individual names, respondents purchased the property with partnership funds and intended the property to be partnership property.

In spring 1984, appellant Eugene C. Sit approached respondent Thomas, whom appellant had known for approximately 18 years, and inquired about investment opportunities. Beginning in June and continuing through August, respondent Thomas and appellant met periodically to discuss appellant's possible investment in respondents' property. On one occasion, appellant accompanied James Larson, a professional real estate developer and manager, to inspect the property and other properties managed by Larson. Negotiations were proceeding to involve Larson as project manager and a local bible college as a tenant and additional investor.

On August 27, 1984, respondent Thomas informed appellant the project needed funds and asked appellant to send a $30,000 investment. Appellant sent a check for that amount and enclosed a note requesting the partnership agreement and relevant information regarding the property be sent to appellant at respondent Thomas' earliest convenience. Shortly after his investment, appellant went away on business.

At the time of appellant's investment, real estate taxes and contract for deed payments on the apartment building were delinquent. A few days after appellant's investment, the partnership was notified of the contract for deed's cancellation, but appellant was not. When appellant returned from his business trip, he learned Larson was no longer interested in the project and requested an October meeting. There, he proposed respondents raise additional capital to rescue the project and again requested partnership documents and financial information. Recognizing the project was likely to fail, appellant sought legal counsel within one week after the October meeting. Thereafter, the parties dealt exclusively through their attorneys.

In November 1984, a fire damaged the building and insurance proceeds were paid to T & M Properties. In early December, respondents sold the building to a third party. None of these facts were communicated directly to appellant. That same month appellant sued respondents for the recovery of his $30,000 investment.

On August 21, 1986, a court trial was held where all three parties testified. Appellant testified his partnership with respondents was conditioned upon his obtaining partnership documents and relevant financial information which he never received. Appellant, a certified public accountant and charter financial analyst, testified he was experienced in investing generally but was not well-acquainted with real estate investments. On cross-examination, appellant admitted he had entered into previous partnerships investing in real estate. Typically, these investments initially resulted in losses that provided tax savings and later turned around to provide a profit. Appellant also admitted partnership documents were sometimes sent after his initial investment.

Appellant claimed respondents did not treat him as an equal partner and further committed fraud by failing to inform him of the project's financial condition before he invested. Had appellant known the omitted facts, he testified he would not have invested. In addition, appellant claimed respondents misrepresented facts subsequent to his investment by failing to inform him of the contract cancellation, fire

and sale of the property. Further, he claimed respondents falsely asserted facts by stating appellant's investment would be used for capital improvements rather than to pay off debt and that Larson and the bible college were definitely, not tentatively, committed to the project.

Respondent Thomas testified appellant initially wished to be a silent partner. Further, appellant's absence on business and the parties' later dealings beginning in late October made only through their attorneys prevented direct communication of partnership information. Respondent Thomas further denied he represented appellant's investment would be used only for capital improvements and claimed appellant knew the project was operating under a negative cash flow. In addition, respondent Thomas denied he represented Larson and the bible college were definitely committed to the project.

In its September 24, 1986 findings of fact, conclusions of law and order for judgment, the trial court concluded appellant became a partner in T & M Properties when he invested in the project, and was not induced to invest by fraud or misrepresentation. In an attached memorandum, the court explained:

> [Appellant's] intention to join the partnership is evidenced by his request for partnership documents. Moreover, to find, as [appellant] claims, that his intent to join was conditioned on his receipt of partnership documents would be contrary to reason and common experience. Had the project been successful, [appellant] undoubtedly would have considered himself entitled to a share of the profits, whether or not he had received the documents. The note accompanying the check merely asked [respondent] Thomas to mail the documents at his earliest convenience. A condition precedent cannot be inferred from such language.

The court also stated while appellant's exclusion from partnership affairs may give him a right to an accounting, it does not negate the existence of the partnership.

The court also discussed each allegation of fraud. Regarding appellant's claim of omitted material facts, the court stated:

> Given [appellant's] experience with investment, his knowledge of the project, as well as his opportunity to ascertain the truth of the complained-of omissions before investing, the conduct does not rise to the level of fraud.

The court also said the trial testimony does not support appellant's allegation he was told the money would be used only for capital improvements, nor was he told involvement by Larson and the bible college was definite.

In October 1986, appellant moved for amended findings or a new trial. Appellant sought to amend the court's findings to state the use of his investment check was conditioned upon receipt of partnership documents. Appellant further requested amended findings regarding a definite commitment of Larson as project manager and added findings regarding material omissions of fact by respondents.

The court denied appellant's motion. Regarding appellant's claim his check was to be used conditionally, the court stated:

> Given that the physical evidence does not indicate that the check was conditioned on receipt of the documents, the only evidence to support a finding that the investment was conditional is [appellant's] testimony. As the Court noted in the memorandum accompanying the earlier order, this testimony was given little weight. [Appellant] obviously had an interest in so testifying, and the testimony was weakened by the lack of any objective evidence supporting it. Although [appellant] is not experienced in real estate matters, he is an experienced and successful investor, and certainly sophisticated enough to state a condition expressly. Indeed, it is difficult to see how [respondents] would have been aware that the check was conditioned on receipt of the documents, given that the note accompanying the check merely requested that they be sent at [respondent's] "earliest convenience."

The court also stated while appellant was under a "definite assumption" Larson would be involved, review of the testimony does not support a finding respondents specifically stated Larson would in fact be involved.

Regarding appellant's proposed additional findings, the court stated:

[T]he proposed additional findings would not change this Court's Conclusions of Law because, as noted in the previous memorandum, [appellant's] exclusion from partnership affairs does not negate the existence of a partnership. Moreover, the exclusion in this case can be explained by [appellant's] expressed intention to be a silent partner, his extended absence on a business trip, and his referral of the matter to his lawyers in October 1984.

Appeal is from that order filed December 3, 1986.

### ISSUES

1. Did the trial court err in concluding appellant became a partner when he invested in respondents' partnership?

2. Did the trial court err in concluding respondents did not induce appellant's investment by fraud and misrepresentation?

### ANALYSIS

1. Except in those rare cases where the evidence is conclusive, partnership or no partnership is a question of fact. Since there is no arbitrary test for determining the existence of a partnership, each case must be decided according to its own peculiar facts; and upon appeal this court will not disturb the findings of the trier of fact unless the evidence is conclusive. It is simply a question of whether the evidence as a whole sustains the findings.

*Cyrus v. Cyrus*, 242 Minn. 180, 183, 64 N.W.2d 538, 541 (1954) (footnotes omitted).

■ The Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." Minn.Stat.

§ 323.02, subd. 8 (1986). An oral agreement is generally sufficient to establish a partnership. *Maras v. Stilinovich*, 268 N.W.2d 541, 544 (Minn.1978). "Intent is an essential element of the partnership relation." *Nelson v. Seaboard Surety Co.*, 269 F.2d 882, 887 (8th Cir.1959).

■ Appellant claims the parties did not intend he become a partner when he contributed to the partnership. Specifically, appellant argues (1) he intended his partnership be conditioned upon receipt of partnership documents which he never obtained and (2) respondents did not intend he become a partner because they never treated him as a partner.

The evidence supports, however, the court's reasoning neither the check nor the accompanying note expressed conditional use of the investment. Appellant's argument turns on the issue of his own credibility and due regard is given to the opportunity of the trial court to judge credibility of witnesses. Minn.R.Civ.P. 52.01.

■ The trial court properly concluded appellant's exclusion from partnership affairs does not negate the existence of the partnership. *See* Minn.Stat. § 323.21 (1986) (partner wrongfully excluded from partnership business entitled to formal accounting). Further, the evidence supports the court's explanation of the exclusions based on appellant's intention to be a silent partner, his absence for business, and the matter's referral to attorneys. The evidence as a whole, therefore, sustains the court's conclusion appellant became a partner in T & M Properties when he contributed his $30,000 share to the partnership.

2. The required elements of a fraud action are: (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the

party suffer pecuniary damage as a result of the reliance.

*Specialized Tours, Inc. v. Hagen,* 392 N.W.2d 520, 532 (Minn.1986). A representation or expectation as to future acts or events does not amount to fraud merely because the represented act or event did not yet occur. *Belisle v. Southdale Realty Co.,* 283 Minn. 537, 539–40, 168 N.W.2d 361, 363 (1969). A representation of a fact untruly asserted or wrongfully suppressed is material if it influenced a party's judgment or decision. *Lowe v. United States,* 389 F.2d 108, 111 (8th Cir.1968), *cert. denied,* 392 U.S. 912, 88 S.Ct. 2072, 20 L.Ed.2d 1371 (1968). Omissions of fact do not give rise to a cause of action for misrepresentation unless one party has special access to the facts and the other does not, or omitting the fact in question is misleading. *Klien v. First Edina National Bank,* 293 Minn. 418, 421, 196 N.W.2d 619, 622 (1972).

■ Appellant claims respondents committed fraud by failing to disclose or representing falsely the following known facts:

1. The delinquent real estate taxes;
2. The poor financial condition of the enterprise;
3. The contract for deed default and notice of cancellation;
4. The sale of the building;
5. The legal ownership of the building in the names of Thomas and Mellon rather than T & M Properties;
6. The use of appellant's funds to retire debt and operating expenses rather than upgrading the building;
7. The representations made to appellant of the intent to upgrade the building and hire a professional property manager;
8. The representations that other investors would be added to the investment.

Regarding the first three allegedly omitted facts, the evidence supports the trial court's explanation appellant had both the investment experience and actual opportunity to access specific information regarding the partnership's current financial condition. The court properly concluded the omitted facts did not constitute fraud. The contract cancellation actually occurred after appellant's investment and apparently when he was away on business. Appellant's fourth nondisclosed fact regarding the sale of the building did not occur until after the matter was referred to the parties' attorneys. The fifth nondisclosed fact regarding the legal ownership of the partnership property by T & M Properties was not false because the property was purchased with partnership funds. Minn.Stat. § 323.07 (1986) (partnership property when purchased with partnership funds).

The court specifically addressed appellant's remaining allegations of fraud, finding the representations did not in fact occur. Appellant's claims are again supported only by his own testimony. Due deference is accorded the trial court regarding credibility. Minn.R.Civ.P. 52.01.

## DECISION

Appellant failed to show the facts allegedly omitted by respondents constituted fraud or that false representations were actually asserted. The court properly concluded appellant's investment was not induced by fraud or misrepresentation.

The record supports the trial court's conclusion appellant was not entitled to rescind his investment in the partnership.

Affirmed.