INTER ROYAL CORPORATION v. LAKE REGION
EQUIPMENT COMPANY, INC., AND OTHERS.
J. V. BRODMARKLE AND ANOTHER, APPELLANTS.

241 N. W. 2d 486.

April 23, 1976—No. 45614.

460

*Patrick G. Farnand,* for appellants.
*Wagner, Johnston & Falconer* and *Robert A. Judd,* for respondent.

PER CURIAM.

This appeal by defendants Brodmarkle challenges a judgment against them as guarantors in the amount of $7,835.96. We affirm.

The litigation grows out of a contract for the sale of furniture manufactured by plaintiff and sold through defendant Lake Region Equipment Company to the State of Minnesota. J. V. Brodmarkle, an officer of Lake Region Equipment Company, together with his wife, entered an agreement with plaintiff which guaranteed the payment of all obligations incurred by Lake Region Equipment Company to plaintiff in executing the contract with the state.

The parties stipulated that the guaranty agreement was executed in September of 1969; that at all times material it was in full force and effect; and that the amount of the debt was in the sum of $7,835.96. The defendants alleged that the guaranty was induced by misrepresentations that the Lake Region Equipment Company would not lose money on the contract with the State of Minnesota. The trial court found that defendants Brodmarkle had failed to sustain their burden of proving fraud in the inducement.

At most, the representations made by plaintiff simply expressed its expectations and were not sufficient to support the charge of fraud. They were not assertions of existing fact but amounted only to conjecture as to future events. Cady v. Bush, 283 Minn. 105, 166 N. W. 2d 358 (1969).

Equally significant is the fact that defendants Brodmarkle, in executing the guaranty, did not rely upon plaintiff's representations. Defendants claim they relied upon plaintiff's offer of a certain discount. However, the guaranty was executed at a time when the issue of the amount of the discount to which Lake Company was entitled was pending and hotly disputed. Shortly after the execution of the guaranty, plaintiff made it clear that it would not change its position. At that point defendants had a right to terminate the contract with the state and avoid

further liability on the guaranty.[1] Nevertheless the contract was assigned to plaintiff in September of 1970 without rescinding the guaranty. On this record the trial court's ruling that reliance and other elements of fraud were not established is sustained. Davis v. Re-Trac Mfg. Corp. 276 Minn. 116, 149 N. W. 2d 37 (1967).

Affirmed.

---

[1] The guaranty agreement contained this clause: "This guaranty shall be a continuing one and shall remain in force until written notice from me (us) of its discontinuance shall be received by said Company, and until all Obligations and liability covered hereby, existing at the time of such notice, shall have been fully paid."