Robert M. MIKULAK, Curtis D. Rieger and Arnita L. Rieger, Plaintiffs,

v.

L. Eric SCURA, Hawaiian Rental Homes, a corporation under the laws of the State of Hawaii, and Paul Simon, Defendants.

Civ. No. 3–88–130.

United States District Court,
D. Minnesota,
Third Division.

Aug. 24, 1988.

Brian J. Todd, Stuurmans & Karan, Minneapolis, Minn., for plaintiffs.

David W. Larson, David W. Larson & Associates, Minneapolis, Minn., for defendant Simon.

Darwin J. Lookingbill, Oppenheimer, Wolff & Donnelly, Minneapolis, Minn., for defendants Scura and Hawaiian Rental Homes.

## ORDER

DEVITT, District Judge.

All three defendants in this case have moved for dismissal or summary judgment on each count of the complaint. Defendant Simon moves for Rule 11 sanctions. Based on oral argument of counsel, submitted memoranda and all records, files and proceedings herein, the court grants the motions for dismissal or summary judgment.

### Background

This action arises out of the sales of partial interests in vacation-rental homes located in Hawaii. The plaintiffs, Robert Mikulak (Mikulak), Curtis Rieger (Rieger) and Arnita Rieger (Mrs. Rieger), belong to the Lowry Club, a group which conducts investment seminars. In July of 1982, defendant Paul Simon (Simon) led a seminar for the Lowry Investment Group on the subject of "equity participation." During the course of this seminar or afterward, Simon discussed investment opportunities available through co-defendants L. Eric Scura (Scura) and Hawaiian Rental Homes (HRH). Although Simon has a substantial investment in HRH he claims not to have been acting as its agent and plaintiffs have offered no evidence that he is in fact an agent of either Scura or HRH.

In August of 1982, Scura traveled to Minnesota to discuss HRH with plaintiffs and other members of the Lowry Club. The parties are not in agreement as to who initiated this visit: defendants claim plain-

tiffs or the Lowry Club initiated the visit while plaintiffs claim it was Scura who initiated it. By mid-August, all the plaintiffs had entered into agreements to purchase a 25% interest in a vacation-rental home. The plaintiffs' investments have failed to return the expected profits and plaintiffs seek rescission of all agreements entered with defendants, including promissory notes, return of downpayment amounts, costs and attorney's fees. Plaintiffs allege breach of contract, common-law fraud, violations of federal and state securities laws and violation of the Minnesota Prevention of Consumer Fraud Act.

### Discussion

**A. Scura and HRH's Motions for Summary Judgment**

Scura and HRH present three arguments in favor of their motion for summary judgment. They contend that service of process upon them was deficient as to all counts except Count II which alleges a violation of the Minnesota Securities Act. They further contend that the statute of limitations has expired on the Minnesota Securities Act claim. Finally, they argue that this court lacks personal jurisdiction over them.

**1. Personal Jurisdiction**

■ The existence of a disputed and material fact prevents us from granting summary judgment on the basis of the argument that the court lacks jurisdiction. The parties agree that under the facts of this case an important factor in determining whether personal jurisdiction exists is which party initiated meaningful contact by the defendants with the forum state. In other words, the issue of which party initiated Scura's visit to Minnesota is important to determine the question of jurisdiction. *Dent–Air, Inc. v. Beech Mountain Air Service*, 332 N.W.2d 904 (Minn.1983); *Maiers Lumber & Supply v. Chanley Trailers, Inc.*, 354 N.W.2d 585 (Minn.App.1984). The affidavits of the parties demonstrate that there is a factual disagreement over who initiated the Scura visit, making the determination of whether the court has per-

sonal jurisdiction an inappropriate one for summary judgment.

**2. Service of Process**

Scura and HRH argue that insufficient service of process upon them requires dismissal of all counts except Count II. Plaintiffs assert that service of process has been adequately made under Minn.Stat. Section 80A.27, Subd. 8, which provides for substituted service.

■ Minn.Stat. Section 80A.27, Subd. 8 provides that service may be made upon the Commissioner of the Department of Commerce as a substitute for a defendant in an action which grows out of conduct prohibited by Minn.Stat. Sections 80A.01 to 80A.31 (Minnesota Securities Act) and which is brought under these sections. Scura and HRH argue that substituted service is available only for claims arising under the Minnesota Securities Act. *Anderson v. Mikel Drilling Co.*, 257 Minn. 487, 102 N.W.2d 293, 300 (1960).

Plaintiffs argue that service under Minn. Stat. Section 80A.27, Subd. 8 is sufficient for common law claims, such as fraud, if the acts which form the basis for the claim are also violations of the Minnesota Securities Act, citing *Vogel v. Chase Securities Corporation*, 19 F.Supp. 564 (D.Minn. 1936). In *Vogel*, the court determined that a fraud claim could be maintained where service was achieved under Minn.Stat. 80A.27, however, in that case the defendants had filed a power of attorney with the Commissioner of Securities. The question in *Vogel* was whether the acts constituting fraud were "in relation to or involved a *transaction*" covered by the Securities Act, which the Minnesota Supreme Court has indicated is a much broader question than the one in this instance. In this case the issue is whether the claims presented by Counts I, III, IV & V are in relation to or involve a *violation* of the Securities Act and thus give rise to an *involuntary* substitution. The instant case is more analogous to *Anderson* and the court finds that service by delivery to the Commissioner is insufficient as to all claims which do not

allege violation of the Minnesota Securities Act.

### 3. Statute of Limitations

Scura, HRH and Simon all argue that Count II, which alleges violations of the Minnesota Security Act is barred by the statute of limitations and must be dismissed. Under Minnesota law, claims for Securities Act violations must be brought either within three years of the act or transaction constituting the violation or within three years of the sale upon which the action is based, depending upon the nature of the violation alleged. Minn.Stat. Section 80A.23, Subd. 7.

■ Plaintiffs allege that the three year period has not yet begun to run because the sales involved were partially financed by outstanding promissory notes and thus the sales are "continuing." This position is contrary to the holding in *Nielsen v. Professional Financial Management, Ltd.*, 682 F.Supp. 429, 441 (D.Minn.1987), where the court found that sales of securities occurred at the time leases were entered, not upon receipt of the final lease payment, and that the three year limitations period had run. Based on *Nielsen* and the failure of plaintiffs to cite contrary authority, the court finds Count II to be time barred.

### B. Simon's Summary Judgment Motion

Simon's arguments for summary judgment are more substantive in nature and address each count of the amended complaint seriatim.

### 1. Count I—Contract Claim

Simon argues that there was never a contract between him and the plaintiffs, thus no basis for a claim in contract has been shown. Plaintiffs agree that they have not stated a claim in contract against this defendant and that Count I does not apply to Simon.

### 2. Count II—Common Law Fraud Claims

■ Simon seeks dismissal of this count on the ground that plaintiffs have failed to make a prima facie showing as to each element of a fraud claim. Specifically, Simon alleges a failure by plaintiffs to raise fact issues with respect to three elements of the cause of action: 1) a false representation of fact, 2) reasonable reliance, and 3) proximate cause.

Plaintiffs allege that statements made by Simon during his July 31, 1982, presentation to the Lowry Investment Group fraudulently induced the purchase of interests in HRH from Scura. The allegedly false statements are described as follows in plaintiffs' answer to Simon's interrogatories:

> Mr. Simon described and recommended investment in Hawaiian Rental Homes Inc. Mr. Simon described the investment as a no lose situation, and repeatedly stated that any investor could get his money out by simply giving 30 days notice. Additionally, Mr. Simon stated that the investors would be paid the bulk of their investment approximately one year after the investment was made. Repayment was to be made from the proceeds generated from refinancing the property. Mr. Simon stated that he himself invested in Hawaiian Rental Homes, had helped to organize the syndication, and that he would not have done so if the investment was not a good one. Finally, Mr. Simon stated that Mr. Scura was an expert in Hawaiian real estate and that Mr. Scura had successfully organized similar investments in California.

Simon argues that these are not false statements of past or present facts actionable under fraud. Simon argues that several of the statements were true and that others were mere opinion or predictions of future results which cannot form a basis for a fraud action. *Clements Auto Co. v. Service Bureau Corp.*, 298 F.Supp. 115, 126 (D.Minn.1969) (statements of opinion not actionable); *Fischer v. Division West Chinchilla Ranch*, 310 F.Supp. 424 (D.Minn.1970) (representations regarding future profits are unactionable statements of opinion). See also *InterRoyal Corp. v. Lake Region Equipment Co.*, 308 Minn. 459, 241 N.W.2d 486 (1976).

Plaintiffs respond that Simon's statements are not merely opinion but are actionable as "an expert's descriptions of the

structure and details of an investment." In light of the authority provided the court by defendants, this bald argument does not convince the court that the above statements are false statements of past or present fact. (The final statement above is apparently not disputed by plaintiffs.) Based on the holdings in *Clements, Fischer* and *InterRoyal*, the better classification of Simon's statements is as opinion or prediction of future occurrences. Consequently, plaintiffs have failed to meet their burden under *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), to establish the existence of this essential element of their claim. Summary judgment in favor of Simon on this count is appropriate.

While it is unnecessary to reach Simon's remaining arguments that plaintiffs have failed to show the elements of reasonable reliance and proximate causation, Simon presents a strong case for summary judgment on the fraud count based on these arguments also. In response to both arguments, plaintiffs argue that they have raised a fact issue for trial when in fact they have not met their burden under *Celotex* to come forward with affidavits or other evidence which shows the existence of a material fact issue. The only authority relied on by plaintiffs has been modified by *Celotex* and is inapposite.

### 3. Count III—Minnesota Securities Act Violations

Simon makes the same argument as Scura and HRH with respect to this count; that it is barred by the statute of limitations. As the discussion of this issue above indicates, this argument is valid and Count III is dismissed against all defendants.

### 4. Count IV—Securities Exchange Act of 1934

Plaintiffs allege a violation of Section 10(b) and Rule 10b–5 under the Securities Exchange Act of 1934. Simon argues that this claim, like the claimed Minnesota Securities Act violation, is time barred.

■ Simon is correct in the assertion that the statute of limitations applicable to the Minnesota Securities Act is adopted for private actions under 10b–5. *Morris v. Stifel, Nicolaus & Co., Inc.*, 600 F.2d 139 (8th Cir.1979); *Burns v. Ersek*, 591 F.Supp. 837, 839 (D.Minn.1984). However, unlike the state cause of action, federal actions for 10b–5 violations are subject to equitable tolling in cases of fraudulent concealment. *Nielsen v. Professional Financial Mgmt., Ltd.*, 682 F.Supp. 429, 438 (D.Minn.1987).

■ Plaintiffs' amended complaint alleges that the violation was not discovered and could not reasonably have been discovered until October of 1984, therefore, plaintiffs have invoked the doctrine of equitable tolling in this case. Plaintiffs claim that Simon induced them to believe that their money would be refundable at any time upon 30 days notice and that they had no reasonable opportunity to discover the falsity of Simon's representation until October 1984 when Scura refused to refund their investment.

The evidence submitted to the court by affidavit shows that even if Simon's representations were false when made, plaintiffs should have discovered by January 1984 that refunds would not be available. A letter from Scura to plaintiffs dated December 8, 1983, informed them of financial hardships facing HRH and gave investors the option of a full refund or renegotiation of the terms of the agreements between the parties. While some investors exercised the option to obtain a refund in January of 1984, all three plaintiffs executed new sale agreements with Scura; agreements which did not contain the 30 day refund provision. The letter and superseding sales agreement were clearly sufficient to put plaintiffs on notice of any claims against Simon. Since this action was filed in February 1987 and served in April 1987, the limitation period expired before commencement of the action and summary judgment must be granted with respect to this count.

### 5. Count V—Minnesota Prevention of Consumer Fraud Act

■ Simon argues that plaintiffs' claims under Minn.Stat. Sections 325F.69 and 8.31, Subd. 3a should be dismissed for a failure to show Simon proximately caused plain-

tiffs' injury, waiver by plaintiffs of their claims, and the running of the limitations period. Because plaintiffs have not made a showing of any evidence to support the required element of proximate causation, summary judgment is granted on this count.

Contrary to defendant's assertion, proximate cause is a necessary element of an action under the consumer protection statutes. *LeSage v. Norwest Bank Calhoun Isles,* 409 N.W.2d 536 (Minn.App.1987). The allegedly false statement leading to plaintiffs' damages is Simon's 1982 statement that an investor could not lose money in HRH because Scura would refund any money invested in HRH on 30 days notice. However, until plaintiffs entered into a superseding agreement in 1984, the agreement between Scura and plaintiffs did provide for such a refund. Plaintiffs have produced no evidence that this provision was not honored. Indeed, in 1984, other HRH investors exercised this refund option rather than entering into the superseding agreement. Simon's statement in 1982 cannot reasonably be said to have proximately caused any losses suffered under the 1984 agreement because plaintiffs were clearly given the option to obtain a full refund before entering that agreement and can be presumed to have read the 1984 agreement in which the refund clause is absent before executing it. The connection between Simon's presentation in 1982 and the losses ultimately suffered by plaintiffs is too remote to support a claim under Minn.Stat. 325F.69 and 8.31, Subd. 3a.

### C. Motions for Sanctions

Defendant Simon has filed a petition for Rule 11 sanctions in the form of attorney's fees. Plaintiffs have not responded to the petition and the court shall await plaintiffs' response before deciding whether sanctions are appropriate.

Accordingly, IT IS ORDERED that the complaint be dismissed with respect to defendants Scura and HRH. With respect to defendant Simon, IT IS ORDERED that Counts I and III be dismissed and that summary judgment be entered in favor of Simon on Counts II, IV and V. Plaintiffs are ordered to promptly respond to Simon's petition for sanctions.

LET JUDGMENT BE ENTERED ACCORDINGLY.