## RALPH C. DAVIS v. RE-TRAC MANUFACTURING CORPORATION.

149 N. W. (2d) 37.

February 24, 1967—No. 40,075.

*Peter J. Hiniker,* for appellant.

*Rischmiller & Wasche* and *Robert W. Rischmiller,* for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

A jury having returned a verdict in plaintiff's favor for approximately $9,000 in a fraud action, and post-trial motions being denied, the basic issue raised in this court is whether the verdict is sustained by the evidence.

■ In Hanson v. Ford Motor Co. (8 Cir.) 278 F. (2d) 586, 591, the decisions of the Minnesota Supreme Court are carefully reviewed and the elements of the tort as defined by these decisions are accurately set out as follows:

"1. There must be a representation;

"2. That representation must be false;

"3. It must have to do with a past or present fact;

"4. That fact must be material;

"5. It must be susceptible of knowledge;

"6. The representer must know it to be false, or in the alternative, must assert it as of his own knowledge without knowing whether it is true or false;

"7. The representer must intend to have the other person induced to act, or justified in acting upon it;

"8. That person must be so induced to act or so justified in acting;

"9. That person's action must be in reliance upon the representation;

"10. That person must suffer damage;

"11. That damage must be attributable to the misrepresentation, that is, the statement must be the proximate cause of the injury."

■ The jury could have found from the evidence that defendant, acting through its agents and intending to induce plaintiff to work for it as a salesman, represented as a fact that a sales territory in the northeastern part of the United States where plaintiff was to perform the services con-

templated had yielded sales during the 6 months then just past in a volume which produced a gross income (based on commissions at 7½ percent of sales) in the amount of $1,200 per month, which representation was false because, as defendant knew or had reason to know, the territory had been only one-third as productive as it was said to have been. A false representation as to past or present income or profits is a false representation of a past or existing material fact within the meaning of the word "fraud," Spiess v. Brandt, 230 Minn. 246, 41 N. W. (2d) 561, 27 A. L. R. (2d) 1, and would clearly be material to a person interested in selling the same product in the same territory.

It is, of course, true that deception is an essential element of a cause of action for fraud. See, 8A Dunnell, Dig. (3 ed.) §§ 3818, 3821; Hollerman v. F. H. Peavey & Co. 269 Minn. 221, 130 N. W. (2d) 534; Hafner v. Ritzinger, 256 Minn. 196, 97 N. W. (2d) 839; Swanson v. Domning, 251 Minn. 110, 86 N. W. (2d) 716; Spiess v. Brandt, *supra;* 37 C. J. S., Fraud, § 27. As stated in United States v. N. P. Ry. Co. (8 Cir.) 188 F. (2d) 277: To afford a basis in an action in tort for deceit, the alleged misrepresentation must have been a substantial factor in causing the defrauded party to act to his detriment, and it must have had such relation to the transaction at hand as to operate as an inducement to the action or omission of the complaining party and must have been relied upon by him.

Plaintiff's initial reliance upon the representation of past fact was demonstrated when he terminated other employment as a salesman to accept the proffered sales opportunity in an area remote from his place of residence under an arrangement contemplating that he would pay his own expenses incurred for travel and maintenance. The fact that he did not specifically condition his acceptance of the employment on the truth of the representation does not negative reliance. This element of the tort can be inferred from the conduct of the plaintiff. See, Spiess v. Brandt, *supra.* If, before changing his position in reliance upon defendant's assertions as to its past experience in the territory, plaintiff had made independent inquiry as to the accuracy of the sales figures represented, reliance on the misrepresentation would not have been justified. Lack Industries, Inc. v. Ralston Purina Co. (8 Cir.) 327 F. (2d) 266. But

where, as here, a party to whom a representation has been made has not made an investigation adequate to disclose the falsity of the representation, the party whose misstatements have induced the act cannot escape liability by claiming that the other party ought not to have trusted him. Greear v. Paust, 192 Minn. 287, 256 N. W. 190, and cases cited. There is no evidence that plaintiff had actual knowledge before he commenced the work that the sales experience of the defendant corporation in the territory involved was substantially less than represented. The mere fact that plaintiff called on defendant's customers does not compel a finding that he did have acquired knowledge of defendant's sales record for the period preceding the representations.

■ The fact that plaintiff continued his efforts as salesman for defendant for 16 months, even though his commissions were substantially less than the amount defendant had represented, does not prevent recovery of the damage sustained during the full period. Plaintiff's gross sales throughout the 16-month period that he worked, though substantially less than the amount defendant had represented the territory to have yielded previously, were increasing from month to month. Midway in the period, plaintiff was prepared to quit his employment but was dissuaded from doing so by defendant's assurances that his sales would continue to improve if he persisted in his efforts. The jury could find that plaintiff acted reasonably in continuing his work as a salesman for defendant in spite of the difficulties he had in trying to make the territory as productive of sales as he had been given reasonable grounds to believe it would be. As was said in Bergquist v. Kreidler, 158 Minn. 127, 133, 196 N. W. 964, 966:

"* * * We cannot say that, in the situation they were placed by appellant's misrepresentation, [respondent] should have adopted any other course than [he] did."

The jury was free to find that the damage sustained during the entire 16-month period was attributable to the misrepresentation because it was reasonable for plaintiff (having committed himself to the development of sales in the assigned territory, and having invested his time and the expenses incurred for travel and maintenance in reliance upon the as-

120

surances initially made, and having been urged by defendant to continue the effort) to mitigate his loss by trying to make the sales territory as productive as he was told it had been. See, Perkins v. Meyerton, 190 Minn. 542, 251 N. W. 559; 24 Am. Jur., Fraud and Deceit, § 265.

■ The damages allowed were not excessive under the instructions given by the trial court. These instructions became the law of the case in the absence of a request for a more accurate statement of the measure of damages prior to the time instructions were given and in a situation where there was no exception taken to the charge either at the time of trial or by post-trial motion. It would have been clearly error for the trial judge to permit the jury to find, as defendant urged at one stage during the trial, that plaintiff was entitled to nothing as damages because his gross earnings for the 16 months of his employment exceeded his out-of-pocket expenses for travel and maintenance by approximately $700. If the rules for ascertainment of damages in this case were not stated with complete accuracy, the failure of defendant to propose a preferable statement before the instructions were given or to make adequate exception before the case was submitted to the jury compels affirmance where the amount awarded is justified by the instructions as given. See, Jones v. Magoon, 119 Minn. 434, 138 N. W. 686; Tysk v. Griggs, 253 Minn. 86, 91 N. W. (2d) 127; Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 147 N. W. (2d) 561.

Affirmed.