**In the Matter of Vernon C. SCHWARTZ, Defendant/Appellant,**

**v.**

**RENVILLE FARMERS CO–OP CREDIT UNION, Plaintiff/Appellee.**

Civ. No. 3–83–920.

Bankruptcy No. 3–83–899.

United States District Court, D. Minnesota, Third Division.

Jan. 31, 1984.

Blair Younger, Olivia, Minn., for Renville Farmers Co-op Credit Union, plaintiff/appellee.

William I. Kampf, St. Paul, Minn., for Vernon C. Schwartz, defendant/appellant.

## MEMORANDUM AND ORDER

RENNER, District Judge.

Before the court is an appeal of an order of the bankruptcy court dated June 6, 1983 which entered judgment in favor of Renville Farmers Co-op Credit Union ("Renville Farmers Co-op") in the amount of $31,-611.63. William I. Kampf, Esq. represents appellant. Blair Younger, Esq. represents appellee.

## BACKGROUND

This action arises from Vernon C. Schwartz's efforts to discharge his debts through bankruptcy. The Renville Farmers Co-op, one of Schwartz's creditors, opposes the discharge of an indebtedness evidenced by a judgment entered in its favor by Judge DePaul Willette of the Renville County District Court for the State of Minnesota on July 7, 1980. *See* Plaintiff's Complaint at Exhibit A. Judge Willette found that Schwartz obtained $31,611.13 in credit from the Renville Farmers Co-op by falsely representing that his collateral was free of liens and encumbrances.

Before the bankruptcy court, Renville Farmers Co-op moved for summary judgment premised upon its contention that the doctrine of collateral estoppel barred relitigation of the state court findings of fraud and dictated that an exception to discharge be found under 11 U.S.C. § 523(a)(2)(B) which reads:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

. . . .

(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive.

The bankruptcy court agreed and found the debt to be nondischargeable. Schwartz appeals.

## DISCUSSION

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the United States Supreme Court held that a bankruptcy court is not limited by the doctrine of res judicata but left unresolved the related issue of the applicability of collateral estoppel. In a footnote, the court indicated that collateral estoppel should be applied if the state court's factual findings were based on standards identical to those used by the bankruptcy court in its determination of dischargeability. *Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10.

Despite this guidance, consensus has not been achieved as to the collateral effect to be accorded state court judgments such as the one rendered by Judge Willette. Some jurisdictions read the congressional grant of exclusive jurisdiction in dischargeability determinations to bar application of collateral estoppel. *See, e.g., Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980); *In re Houtman*, 568 F.2d 651 (9th Cir.1978). Other courts, including the bankruptcy courts of this district, follow the lead of footnote 10 in *Brown* and apply collateral estoppel when the state court standards match those used by the bankruptcy court. *See, e.g., In re Carothers*, 22 B.R. 114 (Bkrtcy.D.Minn.1982); *In re LaCasse*, 28 B.R. 214 (Bkrtcy.D.Minn.1983); *In re Ross*, 602 F.2d 604 (3d Cir.1979); *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981).

■ This court agrees with the bankruptcy judges of this district. Judicial economy and fairness demand that collateral estoppel be applied and state court findings be accepted where the standards used by the bankruptcy court and state court are identical. At the same time, however, the doctrine of collateral estoppel must be carefully applied to protect the bankruptcy court's exclusive jurisdiction to determine dischargeability.

The well-established requirements for collateral estoppel are as follows:

(1) The issue sought to be precluded must be the same as that involved in the prior action;

(2) The issue must have been actually litigated;

(3) The issue must have been determined by a valid and final judgment; and

(4) The determination of the issue must have been essential to the final judgment.

*See In re Supple*, 14 B.R. 898, 903 (Bkrtcy. D.Conn.1981).

■ At issue in this appeal is whether the parties confront identical standards in the state and federal forums. While the findings of Judge Willette suggest that an independent determination of factual issues by the bankruptcy court may well confirm the nondischargeability of this debt, the Minnesota and federal standards do differ and this court cannot affirm the bankruptcy court's conclusion that genuine issues of material fact are absent when the evidence is viewed in the light most favorable to Vernon Schwartz.

First, the level of intent required for bankruptcy fraud is not necessary to a Minnesota state court finding of fraud. Fraud under 11 U.S.C. § 523(a)(2)(B) "encompasses such fraud as involves moral turpitude or intentional fraud; fraud implied in law which may exist without imputation of bad faith or immorality is insufficient." *In re Tashman*, 21 B.R. 738, 741 (Bkrtcy.D.Vt.1982). Bankruptcy fraud, in short, requires an intent to deceive. By contrast, Minnesota allows simple negligent misrepresentation to support an action for fraud. 8A Dunnell's Minn. Digest 2d, *Fraud* § 2.03 (3d ed. 1979); *In re Carothers*, 22 B.R. at 120.

Judge Willette followed the Minnesota rule and his findings correspond to the eleven elements of fraudulent misrepresentation enunciated by the Minnesota Supreme Court in *Davis v. Re-Trac Mfg. Corp.*, 276 Minn. 116, 149 N.W.2d 37 (1967). Specifically, he found that Schwartz made misrepresentations "with the purpose of obtaining funds from Plaintiff." *See* Finding of Fact No. 6. He also concluded that Schwartz "knew *or should have known*" that his representations were false. Finding of Fact No. 7 (emphasis supplied). Neither finding confirms that Schwartz made misrepresentations with an intent to de-

ceive; both leave some room to conclude that the state court judgment rests upon a finding of negligent misrepresentation.

Second, the burden of proof in Minnesota differs from that in bankruptcy court. To sustain its action for fraud in state court, Renville Farmers Co-op had to prove its claim by a greater weight of the evidence. Exceptions to discharge in bankruptcy, however, are more strictly construed. To sustain an exception, Renville Farmers Co-op's proof must "not only predonderate, it must be clear and convincing." *In re Carothers*, 22 B.R. at 120.

The spare record before this court leaves room for Schwartz to claim that an exception to discharge cannot be made upon the state court's findings alone. Genuine issues of material fact remain unresolved.

Accordingly, IT IS HEREBY ORDERED that the bankruptcy court's judgment be vacated and this case be remanded to the bankruptcy court for its determination of the dischargeability of this debt.