Paul HRUSKA, Respondent,

v.

GEHLING AUCTION COMPANY, INC.,
et al., Appellants.

No. C1–86–1526.

Court of Appeals of Minnesota.

April 21, 1987.

Michael T. Keogh, Le Center, for respondent.

Robert R. Benson, Preston, for appellants.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Following a trial to the court, appellant, Gehling Auction Company, was found to have made certain misrepresentations to respondent, Paul Hruska, causing damages of $2,764.88. Appellant argues that respondent did not show reliance on any misrepresentation; that as an agent for a disclosed principal, appellant was not liable for any misrepresentations of the principal; and that respondent himself was negligent and is therefore estopped from asserting a claim for misrepresentation. Respondent has not filed a brief. Therefore, we will consider this case pursuant to Minn.R.Civ. App.P. 142.03. We reverse.

## FACTS

On November 30, 1985, appellant, Gehling Auction Company, conducted an auction for M & S Equipment Company to sell farm machinery owned by M & S. Respondent, Paul Hruska, a full-time farmer and owner of an 800 acre farm, attended the auction just as he had attended other auctions in connection with his farming business. At this particular auction respondent purchased a 1967 John Deere tractor for $3,900. The tractor was sold "as is."

The auction was not the first time respondent had considered purchasing this particular tractor. He had talked to a salesman at M & S about the tractor some time before the auction. The salesman gave respondent the name of the original owner whom respondent then contacted for further information. At the auction, the auctioneer indicated that an M & S employee was present to describe each piece of

equipment before the bidding began. Respondent testified that he recalled the M & S employee stating that a lot of work had been done on the tractor; that there was still something minor they could not detect but it should be no problem and would be easy to clear up. Respondent could not remember if appellant had made any statement about the tractor.

A recording of the auction indicates that the M & S employee told the audience that the tractor had had a good share of work done on it and that a new head had been put on but that the tractor still seized up when it got hot. The auctioneer added to this that "It'll probably get over it.. I had a bad cold last week and I come out of it." The crowd responded with laughter. When someone from the crowd asked if the tractor would start, the auctioneer said it would and asked an assistant to start it up. When they attempted to start the tractor, they found that the battery was dead. However, both the M & S employee and the auctioneer stated that the tractor had been running that morning.

Respondent acknowledged that he knew the tractor would not start and that something was wrong with it. He assumed, however, from the M & S employee's assertion, that a lot of work had been done on the tractor and that nothing significantly more was needed. Respondent claimed that once he got the tractor home, he discovered substantial repairs were still necessary. The only thing that had been redone on the tractor was the head, which was not new but reconditioned.

A John Deere dealer testified that there is no difference in value between a tractor with a new head and one with a reconditioned head. The dealer noted that the particular model of tractor respondent had bought was a discontinued model. Ronald Gehling, the owner of the auction company, testified that within the business a new head can mean a reconditioned head where, as in the present case, the age of the tractor makes it unlikely a new head could be obtained from the factory.

After hearing the evidence the trial court made findings which included:

That at the time the 5020 John Deere tractor was offered for sale the auctioneer conducting the sale solicited representations regarding the condition of the tractor from the employee of M & S Equipment Company.

That the representations made by the M & S employee and adopted by * * * Gehling Auction Company, Inc., in describing the tractor for sale were, among other things, that—a good share of work had been done on the tractor—that a new head had been put on the tractor—that there was a little problem that they did not have time to fix * * * and that the tractor was sound.

The [appellant's] auctioneer conducting the sale stated at or during the same time that the above representations were made that the tractor would run and that it was running this morning and made light of the small problem described in the tractor by stating that it would probably get over it because he had a cold last week and that he came out of it.

The trial court found that appellant had misrepresented material facts to respondent both by its own statements and by adopting the statements of the M & S employee.

### ISSUE

Does the evidence support the trial court's findings and conclusion that appellant misrepresented material facts to respondent?

### ANALYSIS

■ Appellant made no motion for a new trial or amended findings. Under these circumstances this court limits its review to whether the evidence supports the findings of fact and whether the findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). When an action is tried to the court without a jury, its findings of fact are given the same weight as a jury verdict and will not be reversed unless they are manifestly contrary to the evidence. Minn.R.Civ.P. 52.01. On appeal the testimony must be viewed in

the light most favorable to the prevailing party. *Witzig v. Philips*, 274 Minn. 406, 410, 144 N.W.2d 266, 269 (1966).

The law regarding the liability of auctioneers is that of agency. *Farmers & Merchants State Bank of Tracy v. Folmer*, 217 Minn. 513, 516, 15 N.W.2d 13, 15 (1944).

> If the auctioneer acts for a disclosed principal, then the principles of that relationship apply, and unless the auctioneer does or says something to make himself responsible to the buyer, he is not liable as a principal to him * * *.

*Id.* The trial court in the present case determined that the appellant was responsible for the assertions because

> both by their own statements and the manner in which they solicited and adopted the representations of an employee of their principal at the time the tractor was offered for sale, [they] made misrepresentations of material facts regarding the condition of the tractor and in so doing assisted their principal in committing a fraud upon [respondent].

In its findings the trial court attributed two statements to appellant:

> The [appellant's] auctioneer conducting the sale stated at or during the same time that the above representations were made that the tractor would run and that it was running this morning and made light of the small problem described in the tractor by stating that it would probably get over it because he had a cold last week and that he came out of it.

In order to prevail on a claim for misrepresentation, a plaintiff must show, among other elements, that the representations were false and that the plaintiff acted in reliance upon the representations. *Davis v. Re-Trac Manufacturing Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38–39 (1967). In the present case, there is nothing in the record to indicate that the statement about the tractor running was false. In fact, respondent testified that he had the tractor running after he got it home.

At trial respondent made no mention of appellant's humorous statement about the tractor's recovery and in fact could not recall if appellant had made any statements about the tractor. These facts cannot support a conclusion that respondent acted in reliance on appellant's statement about the tractor's condition.

Also, the trial court, upon reviewing the audio tape of the sale, made a finding that the auctioneer had instructed an employee to mark "as is on the ticket." Such a finding further negates any conclusion that respondent would reasonably have relied on appellant's humorous statement.

The trial court also concluded that appellant had solicited and adopted the representations of M & S. Our review of the record shows no actions or statements by appellant that would make it responsible to respondent. In order to maintain a cause of action for misrepresentation, the representer must know a representation is false or "must assert it as of his own knowledge without knowing whether it is true or false * * *." *Id.* There is nothing in the record to indicate that appellant in any way verified the statements made by M & S employees.

The mere fact that appellant supplied the platform and public address system for the auction and that M & S used these facilities when describing its equipment to the audience cannot be considered a solicitation or adoption. Nor does merely introducing the M & S employees who made the statements constitute a solicitation or adoption of their statements.

In light of our disposition of this issue, we need not address the other issues raised by appellant.

### DECISION

The trial court's conclusion that appellant misrepresented material facts resulting in damage to respondent was not supported by its findings nor were its findings supported by the record.

Reversed.