**Edward J. OPATZ, Appellant,**

v.

**JOHN G. KINNARD AND CO., INC., Respondent,**

**Bryon F. Jensen, Defendant.**

**No. C6–89–1374.**

Court of Appeals of Minnesota.

May 1, 1990.

Brian F. Kidwell, Dorraine A. Mund, Hall, Byers, Hanson, Stell & Weinberger, P.A., St. Cloud, for appellant.

Susan A. Yager, Aimee Maureen Bissonette, James W. Littlefield, Hart, Bruner & O'Brien, P.A., Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and MULALLY,* JJ.

## OPINION

CRIPPEN, Judge.

Edward J. Opatz sued Kinnard & Co., Inc. to recover money that a Kinnard broker, Bryon Jensen, collected from him for a stock purchase that never occurred. Opatz challenges the trial court's determination that Kinnard has only common law liability and is not liable under the Minnesota securities regulation statutes, which permit an additional recovery for attorney fees, costs, and interest. Kinnard challenges the finding of common law liability. We affirm on common law liability, reverse on statutory liability, and remand for calculation of fees, costs, and interest.

## FACTS

Appellant Edward J. Opatz maintained an investment account with respondent John G. Kinnard & Co., Inc. from 1981 to 1985. Bryon Jensen, a broker in respondent's St. Cloud office, handled the account. In January 1985, Jensen told appellant he would buy three-fourths of a $24,000 investment unit if appellant would buy

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

the remaining fourth. Relying upon this statement, appellant gave Jensen a $6000 check payable to Jensen. Appellant believed the transaction was within Jensen's authority and expected to receive an acknowledgement from the brokerage. A week later, Jensen told appellant that he never purchased the unit and gave him a personal check. Appellant's bank returned the check for insufficient funds. Appellant made further unsuccessful efforts to recover the money, and Jensen has since disappeared.

Appellant filed an action against both Jensen and Kinnard. The court entered default judgment against Jensen in January 1989. After a bench trial on the claims against respondent Kinnard, the court found Jensen knowingly and falsely represented to appellant that he would invest his money and that this representation reasonably induced appellant to draft the check. The court concluded the evidence showed common law fraud, found respondent liable for the fraud by reason of Jensen's apparent authority to sell securities, and entered judgment in favor of appellant for $6000. However, the court found Kinnard was not liable for Jensen's acts under Minnesota securities law because "it was not shown that it knew, or that in the exercise of reasonable care it could have known," of the fraud. Appellant challenges that conclusion, arguing the court should have found statutory liability (which includes costs and attorney fees) as well. Respondent, by notice of review, challenges the finding of common law liability.

### ISSUES

1. Is there sufficient evidence to support the court's findings of common law fraud and apparent authority?

2. Did the court err by refusing to find statutory liability?

### ANALYSIS

1. Common Law Fraud and Apparent Authority.

Respondent argues the evidence before the trial court was insufficient to support the findings that Jensen committed common law fraud and that he acted with apparent authority in the fraudulent transaction. On review, we must uphold the trial court's findings unless they are clearly erroneous. Minn.R.Civ.P. 52.01.

■ The multiple elements of the tort of intentional misrepresentation were announced by the Minnesota Supreme Court in *Davis v. Re–Trac Mfg. Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38–39 (1967). Respondent argues that there is no evidence Jensen intended not to purchase the stock at the time he solicited the money from appellant, and no proof that Jensen intended to induce appellant to act upon his representation. The trial court found that "Jensen knowingly and falsely represented to Plaintiff that he would invest Plaintiff's money * * * *" and concluded that Jensen "fraudulently intended to induce" appellant to act. The findings are supported by appellant's testimony, which respondent neither challenged nor contradicted, that Jensen admitted to him that his actions were fraudulent. Respondent also urges us to find that appellant did not act reasonably. However, the trial court explicitly found that appellant's actions were reasonable, and we defer to its finding. We have examined the other elements of fraudulent misrepresentation, and affirm the court's conclusion that the evidence supports those elements.

■ Respondent also argues it cannot be liable for Jensen's act under common law theories of vicarious liability, claiming that an employer cannot be liable for an employee's negligence unless the employee acted in furtherance of the employer's interest. This argument misstates the law of the case. The trial court found that respondent held Jensen out as having authority to act on its behalf and that appellant knew Jensen was respondent's agent. Thus, the question here concerns the liability of a principal for its agents' fraudulent misrepresentations. Restatement (Second) of Agency § 257 (1958) enunciates the applicable rule:

> A principal is subject to liability for loss caused to another by the other's reliance

upon a tortious representation of a servant or other agent, if the representation is

\* \* \* \* \* \*

(b) apparently authorized; \* \* \*

The official comment to this section makes it clear that this liability does not depend upon the agent's motive for entering into the transaction. *See Marston v. Minneapolis Clinic of Psychiatry & Neurology,* 329 N.W.2d 306, 310 (Minn.1983) (vicarious liability for intentional tort not dependent upon motive); *see also* Restatement (Second) of Agency § 262 (1958) (principal's liability when agent acts for own purposes). Section 261 states the basis for this liability:

> A principal who puts a servant or other agent in a position which enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud.

Restatement (Second) of Agency § 261 (1958); *see also American Soc'y of Mechanical Eng'rs, Inc. v. Hydrolevel Corp.,* 456 U.S. 556, 566–69, 102 S.Ct. 1935, 1942–44, 72 L.Ed.2d 330 (1982) (agent's position facilitates fraud; Court cites Restatement section 261). The record supports trial court findings that appellant reasonably believed Jensen was acting within the scope of his authority at the time of the fraud, that appellant had no knowledge that Jensen was not acting on respondent's behalf, and that appellant expected to receive confirmation of the transaction from respondent. These findings support a holding under accepted principles of agency law that Jensen committed the fraud while apparently acting within his authority and that respondent should be liable for the fraud.

### 2. Statutory Liability.

Appellant based his statutory claim against respondent on the Minnesota "blue sky" securities regulation laws. Minn.Stat. §§ 80A.01–80A.31 (1988). It is not questioned that Jensen violated section 80A.01, which provides:

It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:
(a) to employ any device, scheme, or artifice to defraud; [or]

\* \* \* \* \* \*

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Minn.Stat. § 80A.01. Under Minn.Stat. § 80A.23, subd. 2, a recovery under the act includes costs, interest, and attorney fees. The trial court concluded, as a matter of law, that section 80A.23, subdivision 4, protected respondent from statutory liability; this statute establishes a defense for persons otherwise liable under the act who neither knew nor should have known of the violation. Appellant contends that the court erred and that respondent, a corporate brokerage, is vicariously liable for Jensen's statutory violations.

Minn.Stat. § 80A.31 (1988) states that Minnesota securities law "shall be so construed as to \* \* \* coordinate the interpretation of sections 80A.01 to 80A.31 with related federal regulation." *See also Foley v. Allard,* 427 N.W.2d 647, 650 (Minn. 1988). Federal law is of "considerable value as precedent in deciding issues arising under the act." *Id.* (citing *Specialized Tours, Inc. v. Hagen,* 392 N.W.2d 520, 534 (Minn.1986)).

Federal securities law is organized according to a threefold scheme. First, it defines violations through provisions such as the laws prohibiting fraud and manipulative devices. *See* Rule 10b–5, 17 C.F.R. § 240.10b–5 (1988); section 10 of the Securities Act of 1934, 15 U.S.C. § 78j (1988); section 17 of the Securities Act of 1933, 15 U.S.C. § 77q (1988). Second, it provides for compensation for the violation. Third, it contains provisions that define the classes of people who may be held liable for the violation, along with defenses available to those persons. *See* section 15 of the Securities Act of 1933, 15 U.S.C. § 77*o* (1988); (liability of "controlling persons," defense available to those who did not know or had no reasonable ground to know

of the violation); section 20(a) of the Securities Act of 1934, 15 U.S.C. § 78t (1988) (liability of "controlling persons," defense to those who acted in good faith and did not induce the violation). Although these federal provisions are silent on the prospect for applying statutory liability according to common law agency principles, they do provide that statutory rights and remedies are "in addition to all other rights and remedies that may exist at law or in equity." 15 U.S.C. §§ 77p, 78bb (1988).

The majority view of federal circuits is that the statutory definition of persons who may be held liable under the statute is not exclusive. These cases hold that common law principles of vicarious liability also may be applied to define the class of persons who may be held liable on statutory bases for wrongdoing and damages. *In re Atlantic Financial Management, Inc.*, 784 F.2d 29, 35 (1st Cir.1986); *Henricksen v. Henricksen*, 640 F.2d 880, 887 (7th Cir.), *cert. denied* 454 U.S. 1097, 102 S.Ct. 669, 70 L.Ed.2d 637 (1981); *Paul F. Newton & Co. v. Texas Commerce Bank*, 630 F.2d 1111, 1118–19 (5th Cir.1980); *Marbury Management, Inc. v. Kohn*, 629 F.2d 705, 712–16 (2nd Cir.), *cert. denied*, 449 U.S. 1011, 101 S.Ct. 566, 66 L.Ed.2d 469 (1980); *Securities and Exchange Commission v. Management Dynamics, Inc.*, 515 F.2d 801, 811–13 (2nd Cir.1975); *Kerbs v. Fall River Industries, Inc.*, 502 F.2d 731, 740–41 (10th Cir.1974); *Johns Hopkins Univ. v. Hutton*, 422 F.2d 1124 (4th Cir.1970); *see also Sharp v. Coopers & Lybrand*, 649 F.2d 175, 180–83 (3rd Cir.1981) (application of vicarious liability principles limited to cases where purpose of securities laws served), *cert. denied* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982); *but see Zweig v. Hearst Corp.*, 521 F.2d 1129, 1132–33 (9th Cir.), *cert. denied* 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). Under the majority decisions, controlling person liability is provided by statute and covers partners, associates, etc., who are actively involved in wrongdoing; vicarious liability under the common law applies to employers of persons acting within the scope of their authority.

Minnesota securities law regulation employs a scheme which closely parallels the federal statutes. Section 80A.01, which defines fraud violations, is Minnesota's counterpart to rule 10b–5 and the federal antifraud regulation. *See Foley*, 427 N.W.2d at 650. Minnesota law defines the compensation available for statutory violations to include attorney fees, costs, and interest. *See* Minn.Stat. § 80A.23, subd. 2. Lastly, Minnesota law defines the classes of people who may be held liable for statutory violations. *Id.* (liability of primary violators); Minn.Stat. § 80A.23, subd. 3 (liability of controlling persons). Minnesota law also provides a statutory defense to liability for persons otherwise declared liable by the act but who did not know, or in the reasonable exercise of care could not have known of the violation. Minn.Stat. § 80A.23, subd. 4. Like federal law, Minnesota law provides that statutory remedies are in addition to common law remedies. Minn.Stat. § 80A.23, subd. 11.

██ Following the federal cases which employ the common law, we conclude that the Minnesota statutory definitions of persons that may be held liable under the statute are not exclusive. Subdivision 4 of section 80A.23, no matter how broadly stated, refers only to classes of defendants specifically defined in the statute. Nothing in the act addresses the application of vicarious liability, either in terms of the applicability of the principle or in terms of any conditions placed upon its application. Thus, in cases where the common law would allocate the liability of an agent or employee to the principal or employer, it may apply to allocate liability for statutory violations in the same manner.

This is such a case. Jensen's violation of section 80A.01 renders him liable under section 80A.23, subdivision 2. As we have discussed, Jensen was acting within the scope of his apparent authority when he defrauded appellant. Under agency law, his corporate principal may be held responsible for the full extent of Jensen's liability. Allowing appellant to recover the full extent of his loss from respondent serves the

remedial purpose of Minnesota's securities law.

## DECISION

Jensen's liability, under both common law fraud principles and Minnesota securities law, is also chargeable to respondent. On remand, the trial court must calculate attorney fees, interest, and costs.

Affirmed in part, reversed in part, and remanded.