**Edward CORAZALLA, Appellant,**

v.

**Albert QUIE, et al., Respondents.**

**No. C1–91–35.**

Court of Appeals of Minnesota.

July 23, 1991.

Review Granted Oct. 8, 1991.

Andrew V. Moran, Bloomington, for appellant.

J. Michael Schwartz and Donald R. McNeil, Jr., Minneapolis, for respondents.

Raymond A. Haik, Minneapolis, for John F. Hansen Real Estate.

Considered and decided by CRIPPEN, P.J., and FOLEY, and MULALLY *, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Edward Corazalla challenges summary judgment against him in his action for fraud in the sale of real estate. Corazalla asserts he relied to his detriment on false representations regarding the character of a parcel of land.

## FACTS

In April 1986, appellant entered into an agreement to pay $180,000 for a 55–acre rural home site owned by respondent Albert Quie.[1] The parties closed the transaction two months later.

Appellant alleges he purchased the property in reliance on advertising material disseminated by the owner and his real estate agent, respondent John Hansen. This sales literature described the property as "[a] perfect wildlife sanctuary, with all types of waterfowl, songbirds and deer." It stated that the property covered 55 acres, including "35 wooded acres with PRIVATE 7 acre lake." Newspaper advertisements for the property likewise featured the private lake.

In his affidavit, appellant stated Hansen showed him the property twice, and "on both occasions Mr. Hansen represented the property as containing a 'private lake.'" These statements were allegedly made on May 10 and June 7, 1986, after execution of the purchase agreement, but before closing. Respondents argue their representations were true.

Appellant states he became aware in early July 1986 that the neighboring landowner had a right to use the lake. He discovered letters, maps, and an aerial photograph of the property left in the home. One of the letters was to the owner from Commissioner of Natural Resources Joseph Alexander. Another was to Alexander from the attorney general's office. Both letters were dated October 1985. They explained that any owner whose land abuts a lake has a right to reasonable use of the entire surface of the lake. The letter from Commissioner Alexander stated:

> The information I gave you was correct. Your neighbor (or their guests) may use the surface of the questioned water if they do not step on land.

The maps show that the lake abuts the property of the adjoining landowner to the north, Milton Vosejpka.

According to appellant's brief, gunfire erupted on the lake at noon on October 4, 1986, surprising the buyer and approximately 20 guests. He claims only then did he discover his neighbor used the lake for duck hunting.

Corazalla filed a complaint against Quie, his wife, Hansen, and Hansen's agency in March 1990. The trial court entered summary judgment for respondents in October

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. Respondents purchased the property in 1982 for $93,000. In his affidavit, he reported spending an additional $169,931 on improvements.

1990. No memorandum or other observations on facts or law accompanied the judgment.

## ISSUE

Does an issue of material fact exist concerning alleged misrepresentations about the character of the property?

## ANALYSIS

A district court may award summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn.R.Civ.P. 56.03; *see Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 855 (Minn.1986). The trial court may not decide factual issues on a motion for summary judgment. Its sole function is to determine whether fact issues exist. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). On review of a summary judgment, the appellate court also must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

The moving party has the burden of proof and the courts must take the view of the evidence most favorable to the nonmoving party. *Sauter v. Sauter*, 244 Minn. 482, 484–85, 70 N.W.2d 351, 353 (1955). Thus, the moving party "must demonstrate no genuine issue of material fact exists." *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn. 1988). In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the United States Supreme Court interpreted this summary judgment burden

where the nonmoving party later carries the burden of persuasion at trial. The moving party need not support its motion with affidavits negating the opponent's claim. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. However:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see Thiele*, 425 N.W.2d at 583 n. 1 (referring to *Celotex*). Although *Celotex* interpreted the Federal Rules of Civil Procedure, its reasoning is persuasive on this topic because the federal and state rules are substantially the same.

### 1. Scope of review.

We note initially the limited breadth of the trial court's decision and the scope of this review. Respondents' motion for summary judgment was premised primarily on the claim that their representations were true.[2] Thus, for example, the issues before us do not concern the troubling absence of evidence in the record to show how appellant could establish the property he bought was worth less than $180,000 at the time of purchase. Appellant makes numerous references to a tax assessment valuing the property at $112,000. This assessment, however, is not in the record, nor does the record contain any indication of its reliability. This issue was wholly omitted from respondents' summary judgment claim.

### 2. Misrepresentation.

To establish liability for fraudulent misrepresentation, a plaintiff must prove a false representation of fact.[3]

---

**2.** As indicated later in this opinion, we conclude two additional issues were raised.

**3.** The party alleging fraudulent misrepresentation must prove the existence of a false representation of past or present material fact which is susceptible of knowledge, which is known to be false or asserted without knowledge of its

truth or falsity, and upon which reliance is intended or justified. The alleging party must also prove he was induced to act or justified in acting in reliance on the representation. Finally, damages and proximate causation must be shown. *See Weise v. Red Owl Stores, Inc.*, 286 Minn. 199, 202–03, 175 N.W.2d 184, 187 (1970);

It is axiomatic that fraud cannot be predicated on the truth. A true representation is not actionable.

*Rien v. Cooper,* 211 Minn. 517, 523, 1 N.W.2d 847, 851 (1942).

■ It is normally within the province of the trier of fact to determine whether a party has misrepresented material facts and whether the misrepresentation proximately caused the other party's injury. *Barr/Nelson, Inc. v. Tonto's, Inc.,* 336 N.W.2d 46, 51 (Minn.1983).

Respondents' motion for summary judgment was based on the assertion that their statements were true. They argue that the terms "private lake" and "wildlife sanctuary" each have one irrebuttable meaning. Respondents assert their characterization of the lake as private was indisputably true because the Minnesota Supreme Court has used the term "private" when referring to lakes without public access, where multiple landowners have riparian rights. *Bartlett v. Stalker Lake Sportsmen's Club,* 283 Minn. 393, 399, 168 N.W.2d 356, 360 (1969); *Johnson v. Seifert,* 257 Minn. 159, 167, 100 N.W.2d 689, 695–96 (1960). They contend the property is a "wildlife sanctuary" despite the hunting because "the acreage [is] abundant in flora and fauna."

Appellant argues that "private" and "wildlife sanctuary" have alternative meanings that are not true if used to describe the property. This contention has merit.

■ According to Webster's Third New International Dictionary 1804–05 (1966), private means:

1a: intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public * * * b: belonging to or concerning an individual person, company, or interest * * *.

A reasonable jury could find that the advertisement falsely asserted the lake was private to owners of the property. We observe that the representation should be given the ordinary meaning attributed to it by a prospective purchaser, not the technical meanings given to the words by law-

*Davis v. Re–Trac Manufacturing Corp.,* 276

yers, judges, or law professors. The advertisement's layout implied the "PRIVATE 7 acre lake" was included within the 55–acre tract. The subsequent characterization of the property as a "perfect wildlife sanctuary, with all types of waterfowl" solidified an impression of personal privacy with respect to the lake. Representations of an ideal sanctuary also may imply the owner's prerogative to exclude any use by game hunters.

Because the advertisement can reasonably be interpreted as having been false, an issue of material fact exists as to its truth or falsity.

3. Negligent nondisclosure.

In addition, summary judgment was inappropriate on the second count of appellant's complaint, alleging negligent failure to disclose the neighbor's right to use the lake or the neighbor's actual exercise of that right in the form of extensive hunting. It is unclear whether respondents raised this issue in their summary judgment motion, but they did argue that appellant could have learned about his legal rights without further disclosures by the sellers.

■ A claim of fraud may not be based on failure to disclose a certain fact unless there is a duty to disclose that fact. *Richfield Bank & Trust Co. v. Sjogren,* 309 Minn. 362, 365, 244 N.W.2d 648, 650 (1976).

As a general rule, one party to a transaction has no duty to disclose material facts to the other. However, special circumstances may dictate otherwise. For example: (a) those who speak must say enough to prevent their words from misleading the other party; (b) those who have special knowledge of material facts to which the other party does not have access may have a duty to disclose these facts to the other party; and (c) those who stand in a confidential or fiduciary relation to the other party to a transaction must disclose material facts. *Klein v. First Edina Nat'l Bank,* 293 Minn. 418, 421, 196 N.W.2d 619, 622 (1972).

Minn. 116, 117, 149 N.W.2d 37, 38–39 (1967).

■ Appellant alleges that once respondents made misleading statements, they had a duty to correct any misunderstanding by informing appellant that the neighbor had and exercised a right to hunt on the lake's surface. He also argues respondent Quie had special knowledge of his neighbor's right to use the lake and of the exercise of that right. If appellant can establish the allegations in his complaint, a duty may have arisen on the sellers' part to inform appellant of the neighbor's rights, use, or both. *See Johnson v. Urie,* 405 N.W.2d 887, 891 (Minn.1987) (summary judgment inappropriate absent facts on circumstances surrounding relationship that might give rise to duty).

Material issues of fact remain as to whether special circumstances exist creating a duty to inform appellant of the neighbor's right to use the lake or of the neighbor's actual use of the lake for hunting.

4. Reliance.

■ It is similarly unclear whether the issue of reliance was addressed in the summary judgment motion. Respondents concluded their arguments on the meaning of the privacy advertisement with the added contention that appellant had ample opportunity to learn if his use of the lake would be exclusive.

Appellant stated by affidavit that he relied on an alleged misrepresentation of respondents. Other affidavits claim that inspections and disclosures were sufficient to alert appellant to the rights and practices of the nearby landowner. These topics of disclosures, inspections and reliance constitute genuine issues of material fact.

5. Briefing.

While briefing the elements of misrepresentation law, appellant asserts that his justification for reliance was enlarged by respondent Albert Quie's stature as a political leader. Respondents contend that this reference represents an attempt to exploit respondent's public life to create duties and collect money without warrant. We fault neither party for comments on this dimension of the facts, a circumstance of the case that may have relevance in trial proceedings but must not upset an objective application of the law to the evidence.

## DECISION

Genuine fact issues preclude summary judgment.

Reversed and remanded.

EDWARD D. MULALLY, J., dissents and files opinion.

EDWARD D. MULALLY, Acting Judge (dissenting).

I respectfully dissent.

The trial court properly granted summary judgment in favor of respondents. There are no genuine issues of material fact, and the trial court did not err in its application of the law. Appellant's primary claim is that in the advertisement relating to the property, respondents misrepresented the nature of the property by the use of the term "private lake." Respondents admit that the property was advertised as containing a "private lake." Black's Law Dictionary 1194 (6th ed. 1990) defines private as:

1. Belonging to some particular person or persons; *private property.*

2. Confined to or intended only for the person or persons immediately concerned.

3. Not open or accessible to the general public: a *private beach.*

The Minnesota Supreme Court has used the term "private" as applicable to lakes to which the public does not have access and to which multiple owners have riparian rights. *Johnson v. Seifert,* 257 Minn. 159, 167, 100 N.W.2d 689, 695–96 (1960); *Bartlett v. Stalker Lake Sportsmen's Club,* 283 Minn. 393, 168 N.W.2d 356, 360 (1969) (discussing the *Johnson* holding).

The fact that there was another owner of shoreline was apparent from observation and reasonable record examination. It was not incumbent upon respondents to educate appellant in the law of riparian rights before the purchase.

While it is likely that there are as many slightly different definitions of the word "private" as there are dictionaries, running

through them, and running through the supreme court decisions, is the simple basic concept that "private" means "not public." Where property is concerned, it means *lack of public access*. Such is the case here. There was no misrepresentation as to the nature of the property either in the advertisement, or orally by Hansen or the Quies. The lake is, in fact, a "private lake." Appellant's mistaken interpretation or strained construction of an accurate advertisement cannot give rise to a cause of action for fraud. A claim of fraud or misrepresentation cannot be predicated on a true statement. *See Rien v. Cooper*, 211 Minn. 517, 523, 1 N.W.2d 847, 851 (1942).

The nature, extent and configuration of the property was open and apparent to appellant at all times, both visually and through public records. Appellant visited and walked the property several times before purchasing it. He had every opportunity to determine for himself whether the property met the advertised claim of "perfect wildlife sanctuary, with all type of waterfowl, songbirds and deer."

Appellant's attempt in his brief to somehow impose upon Albert Quie a higher or different legal duty because he is a former Governor of the State of Minnesota and a former United States Congressman is, to put it kindly, ill-conceived.

To successfully oppose a motion for summary judgment, a party cannot rely upon mere general statements of fact, but rather must demonstrate at the time the motion is made that specific facts are in existence which create a genuine issue for trail. *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn. 1988); Minn.R.Civ.P. 56.05. Here, there are no genuine issues of material fact, and respondents are entitled to summary judgment as a matter of law.

I would affirm the trial court.