Edward CORAZALLA, Respondent,

v.

Albert QUIE, et al., Petitioners,
Appellants.

No. C1-91-35.

Supreme Court of Minnesota.

Dec. 20, 1991.

Rehearing Denied Jan. 30, 1992.

---

Raymond A. Haik, J. Michael Schwartz, Donald R. McNeil, Jr., Minneapolis, for Albert Quie, et al.

Andrew V. Moran, Andrew V. Moran & Associates, Bloomington, for respondent.

## OPINION

YETKA, Justice.

We granted the petition of appellants, Albert Quie, et al., to review a split decision of the court of appeals reversing a summary judgment entered in favor of appellants in respondent Edward Corazalla's action to recover damages for alleged fraud and negligent disclosure in the sale of real property. We reverse.

Appellants Albert and Gretchen Quie purchased the subject rural residential property in 1982. The documentary evidence discloses that the property, located in Rice County, Minnesota, is a tract of approximately 55 acres of pasture, woods, and marsh and includes considerable shoreline of a 7-acre lake. North of the subject property is a parcel of land which also abuts the lake and is owned by Milton Vosejpka. The subject property was advertised for sale by appellants John F. Hansen and John F. Hansen Real Estate as a "perfect wildlife sanctuary, with all types of water fowl, songbirds and deer" and a "PRIVATE 7 acre lake."

Respondent Corazalla entered into a purchase agreement on April 8, 1986. Thereafter, he admittedly made two visual inspections of the property on May 10, 1986, and June 7, 1986. The parties closed the transaction on June 30, 1986. According to Corazalla's complaint, not until after the closing did he discover that the lake is not located exclusively within the boundaries of the subject property. The lake is partially located on neighboring land and, therefore, subject to use by the neighboring landowner. Corazalla's action for damages, occasioned by appellants' alleged fraud and negligent disclosure, is predicated on his claim that he entered into the agreement based on alleged written and oral misrepresentations that the lake was "private" (i.e., contained entirely within the boundaries of the purchased property).

Appellants moved the trial court for summary judgment. In their affidavit, they asserted that Corazalla conducted several visual inspections of the property prior to closing, that the fence line separating the subject parcel from the neighboring land is readily apparent and that the legal description, maps and photographs of public record clearly locate the north boundary line crossing the lake near its bay. The trial court granted the motion.

A split panel of the court of appeals reversed that summary judgment, 473 N.W.2d 347, concluding that genuine issues of material fact exist as to the truth or falsity of the advertisement and as to whether special circumstances existed to impose a duty on the sellers to disclose to the purchaser the neighbor's right of access to the lake. The dissent focused on the purchaser's own failure to verify any advertised claims or to examine the legal description documents to ascertain the nature and extent of the property he purchased. The dissenting judge similarly was not persuaded that a higher legal duty should be imposed under the recorded circumstances.

We review the trial court's decision to grant summary judgment and conclude that appellants properly sustained their burden of demonstrating that no genuine issues of material fact existed for trial based on respondent's evidence of public record, readily available for inspection by a

purchaser of real property, which clearly discloses the fact that two parcels of land abut the lake. Respondent's allegations neither dispute those documentary facts nor demonstrate that he may be entitled to relief from his own obligations with regard to the purchase. We, therefore, reverse and reinstate the trial court's order for summary judgment in favor of appellants.

Reversed.